IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SINO STAR GLOBAL LTD., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-1216 |
| PROEXPRESS DISTRIBUTOR LLC, et al., | * | |
| | * | |
| Defendants. | | |
| | *** | |

# MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Sino Star Global Ltd.'s ("Sino Star") Motion for Damages (ECF No. 21). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion.

## I. BACKGROUND

### A. Factual Background

#### 1. U.S. Patent No. 7,304,635 ("the '635 patent")

Chern Hway Seet and Seng Beng Ho are the inventors of the '635 patent. (Compl. ¶ 9, ECF No. 1). The '635 patent resulted from the pioneering efforts of Seet and Ho in the area of electronic books. (Id. ¶ 10). Seet and Ho developed a book-like interface for ease of navigation through electronic contents in 2003. (Id.). On December 4, 2007, the United States Patent and Trademark Office issued the '635 patent under the title "Programmable Virtual Book System." (Id. ¶ 28).

Sino Star is the assignee and owner of the right, title, and interest in and to the '635 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. (Id. ¶ 29). Sino Star alleges that Defendants Proexpress Distributor LLC and Shenzhen Saina Electronic Technology Co., Ltd. have and continue to directly infringe one or more claims of the '635 patent by making, using, selling, importing, and/or providing and causing to be used its e-books, specifically its e-book platform and the computer system therein. (Id. ¶ 30). Sino Star further alleges that in August 2022, it sent Defendants notice of the '635 patent, but Defendants nevertheless continue infringing with specific intent or with willful blindness. (Id. ¶¶ 33–38).

2. **U.S. Patent No. 7,009,596 ("the '596 patent")**

Seet and Ho are also the inventors of the '596 patent, another invention in the area of electronic books that makes it easier for users to navigate and read online content. (Id. ¶ 18). On December 4, 2007, the United States Patent and Trademark Office issued the '596 patent under the title "Programmable Virtual Book System." (Id. ¶ 44). Sino Star is the assignee and owner of the right, title, and interest in and to the '596 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. (Id. ¶ 45). Sino Star alleges that Defendants have and continue to directly infringe one or more claims of the '596 patent by making, using, selling, importing, and/or providing and causing to be used its e-books, specifically its e-book platform and the computer system therein. (Id. ¶ 46). Sino Star alleges that in August 2022, it sent

Defendants notice of the '596 patent, but Defendants nevertheless continue infringing with specific intent or with willful blindness. (Id. ¶¶ 49–54).

**B.       Procedural History**

Sino Star filed a Complaint on May 8, 2023. (ECF No. 1). The two-count Complaint alleges infringement of U.S. Patent No. 7,304, 635 (Count I) and infringement of U.S. Patent No. 7,009,596 (Count II). (Compl. ¶¶ 27–58). Sino Star filed a Motion for Clerk's Entry of Default and Motion for Default Judgment on September 18, 2023. (ECF Nos. 10, 11). The Clerk entered a Notice of Default on September 19, 2023. (ECF Nos. 15, 17). The Court entered default judgment against Defendants on October 23, 2023. (ECF No. 18). Sino Star filed the instant Motion for Damages on May 15, 2025. (ECF No. 21).

## II.     DISCUSSION

**A.       Standard of Review**

Damages for patent infringement are provided for by the Patent Act as follows: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284.

**B.       Analysis**

While the Court already ruled on liability as to Defendants, the Court permitted Sino Star to file a motion for damages later. (Oct. 23, 2023 Order at 2, ECF No. 18). "Although well-pled factual allegations are accepted as true for default judgment purposes, a party who defaults does not admit the allegations in the complaint as to the amount of damages."

3

Int'l Union, Sec., Police & Fire Pros. of Am. v. Se. Protective Servs., No. 2:14-cv-162, 2015 WL 1916857, at *2 (E.D.Va. Apr. 27, 2015). Therefore, when a court determines that liability has been established in a default judgment setting, the court cannot accept damage-related allegations as true and must "make an independent determination regarding damages." PharMerica E., LLC v. Healthlink of Va. Shores, LLC, No. 2:19-cv-456, 2020 WL 877983, at *3 (E.D.Va. Feb. 20, 2020). In doing so, the court "may rely on affidavits or documentary evidence in the record." Id. Sino Star seeks reasonable royalties, treble damages, litigation costs, and pre-judgment interest. (Pl.'s Mot. Supp. Damages ["Mot."] at 5–11, ECF No. 21). The Court will review each request in turn.

### 1. Reasonable Royalties

The Court finds that Sino Star is entitled to reasonable royalties arising from direct and induced infringement. Under the Patent Act, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. A court should use a reasonable royalty calculation when a plaintiff cannot prove lost profits. Domestic Fabrics Corp. v. Sears, Roebuck & Co., 325 F.Supp.2d 612, 618 (E.D.N.C. 2003). "The statute contemplates that when a patentee is unable to prove entitlement to lost profits or an established royalty rate, it is entitled to 'reasonable royalty' damages based upon a hypothetical negotiation between the patentee and the infringer when the infringement began." Unisplay, S.A. v. Am. Elec. Sign Co., 69 F.3d 512, 517 (Fed.Cir. 1995); see also Paice, LLC v. Hyundai Motor Co., No. WDQ-12-0499, 2014 WL 3819204 at *12 (D.Md. June 27, 2014).

In conducting such analysis, one consideration is "the 'extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.'" Paice, 2014 WL 3819201 at *12 (quoting ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 869–70 (Fed.Cir. 2010)). "[W]hile the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." Alco Standard Corp. v. Bretner, 891 F.2d 286 (4th Cir. 1989) (table).

Here, despite Defendants' unresponsiveness, Sino Star approximated damages using a sufficiently reliable source containing sales data from a market intelligence provider for Amazon. (Mot. at 2). Specifically, Sino Star's Director, Kevin Mulroy, conducted an analysis of products sold by Defendants on Amazon and other similar online markets and found that Defendants have continued to market products that infringed on the patents and have received significant amounts of income related to their sale. (Id.). Mulroy utilized JungleScout, a marketplace and analytics tool that provides its users with real-time sales tracking, to obtain evidence of the infringement and the income unlawfully received by Defendants. (Id.). Through these tools, Mulroy estimated a reasonable royalty by: (1) identifying at least five versions of the infringed tablet products on Amazon's U.S. marketplace as of February 2025, (Aff. Kevin Mulroy ¶ 5, ECF No. 21-2); (2) calculating the five e-readers' average monthly sales, (id. ¶ 8); (3) summing monthly sales estimates from May 8, 2017 to January 2024 for all five e-readers, (id. ¶ 16); and (4) applying a royalty rate of 5.1% to the estimated total revenue of the infringing products of

$4,072,000—an exemplary rate for electronics as described by a patent licensing royalty website, (id. ¶¶ 18, 19), equaling $207,672.00.

The Court also finds persuasive Judge Mazzant's Opinion in June 2025, where the Court awarded damages to Sino Star for the infringement of the same exact patents that are the subject of this case. See generally Sino Star Global Ltd. v. Shenzhen Haoqing Tech. Co., Ltd., No. 4:22-cv-980, 2025 WL 1668216 (E.D.Tex. June 12, 2025). Sino Star's calculation is sufficiently detailed to warrant reasonable royalties and a total principal damages amount of $207,672.00.

### 2. Treble Damages

Sino Star is also entitled to treble damages. "When the damages are not found by a jury, the court shall assess them." 35 U.S.C. § 284. "In either event the court may increase the damages up to three times the amount found or assessed." Id. "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 103 (2016).

Here, despite learning about Sino Star's infringement allegations through the notice sent on August 31, 2022, (Compl. ¶¶ 33, 49)—over one year before Sino Star filed this action—Defendants have yet to respond. Additionally, as Sino Star asserts, "it must be emphasized that Defendants knowingly chose not to participate in this case, since Defendants did initially engage with Sino Star's counsel to secure an extension of their time to file a response to the Complaint." (Mot. at 8). The Court finds this conduct

deserving of enhanced damages. Contrast Sino Star Glob. Ltd., 2025 WL 1668216, at *6 ("[D]espite learning about Plaintiff's infringement allegations through the notice letter sent on August 31, 2002—over two years before Plaintiff filed this Motion—Defendant has yet to muster so much as the faintest legal whisper in response. The Court can think of no more 'flagrant' or 'wanton' an example of egregious conduct deserving of enhanced damages than that set by Defendant in this case."), with W. Elec. Co. v. Stewart-Warner Corp., 631 F.2d 333, 336–37 (4th Cir. 1980) (affirming trial court's denial of treble damages where plaintiff waited years to bring infringement lawsuit and defendant had not acted in bad faith). Exercising its discretion, then, the Court will award Sino Star treble damages for a total of $623,016.00 in principal damages. See 35 U.S.C. § 284.

### 3.     Pre-Judgment Interest

In the same light, Sino Star is entitled to pre-judgment interest. Pre-judgment interest in patent cases "should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." GM Corp. v. Devex Corp., 461 U.S. 648, 654 (1983); see Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1353 (Fed.Cir. 2009) ("pre[-]judgment interest is generally awarded").

Sino Star explains that "due to the nature of the damages at issue (i.e., lost monthly royalties that continue to accrue each month), the proper mathematical formula is that used to calculate compound interest with monthly contributions." (Mot. at 9–10). To that end, Sino Star has used a calculator maintained by the U.S. Securities and Exchange Commission ("SEC") to estimate its prejudgment interest at an interest rate of 10%, which is the Maryland state interest rate. See Md. Code, Cts. & Jud. Proc. § 11-107. Using the

SEC calculator, (see Compound Interest Calculator, https://www.investor.gov/financial-tools-calculators/calculators/compound-interest-calculator, (last accessed November 3, 2025)), Sino Star calculated the prejudgment interest using the following inputs: "initial investment" and "monthly contribution" values were set at $2,595.90, "which is 5.1% (the reasonable royalty rate) of $50,900.00 (the estimated monthly revenues soured from JungleScout). The 'length of time in years' was 6.6, which a rounding-down of the 80 months (in years) constituting the time period at issue. The 'estimated interest rate' is the 10% rate." (Mot. at 10 n.1). This calculation totals $291,206.79, which represents the sum of the principal damages of $207,672.00 and $83,534.79 in pre-judgment interest.

The Court finds this tool provided by the SEC, and Sino Star's inputs and calculations, to be reasonable and accurate. Additionally, courts have found the state statutory rate, including a rate of 10%, to be an appropriate measure in patent infringement cases. Par Pharm., Inc. v. TWI Pharms., Inc., No. CCB-11-2466, 2016 WL 5820211, at *6 (D.Md. Oct. 4, 2016) ("Maryland's [then] statutory rate of 6% is reasonable"); Beckman Instruments Inc. v. LKB Produkter AB, No. R-85-3133, 1990 WL 10072480, at *11 (D.Md. Aug. 9, 1990) (applying Maryland's then-statutory rate of 10% for pre-judgment interest and noting "a number of other courts have looked to the state statutory rate of interest when awarding prejudgment interest in patent case."). The Court will therefore award Sino Star pre-judgment interest in the amount of $83,534.79.

### III.    CONCLUSION

For the foregoing reasons, Sino Star's Motion for Damages (ECF No. 21) is GRANTED such that Sino Star is entitled to $207,672.00 in principle damages, trebled to total $623,016.00, with the addition of pre-judgment interest of $83,534.79, for damages totaling $706,550.79. As indicated in its Motion, Sino Star shall FILE a Motion for Attorneys' Fees within seven (7) days of the date of this Opinion. A separate Order follows. Entered this 4th day of November, 2025.

                                                                                   /s/
                                                George L. Russell, III
                                                Chief United States District Judge